IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick Jerome English, | C/A No.: 1:13-2856-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Doctor Pacote, | |
| Defendants. | |

Plaintiff Roderick Jerome English, who is proceeding pro se and in forma pauperis, is an inmate at the McCormick Correctional Institution ("MCI"). He brings this action alleging a violation of his constitutional rights by Doctor Pacote ("Defendant") under 42 U.S.C. § 1983.[1] [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff identifies Defendant as a doctor at Bryan Psychiatric Hospital who previously treated him during a hospitalization and prescribed three medications for him. [Entry #1 at 2]. He alleges that MCI medical staff are now refusing to provide those

---

[1] Plaintiff also refers to Defendant as Doctor Pascot. [Entry #1 at 2].

medications.[2] [Entry #1 at 3]. Plaintiff asserts that he wrote Defendant a letter asking her to verify his prescriptions with doctors at MCI. *Id.* However, Defendant allegedly failed to appropriately respond to the request. *Id.*; *see also* Entry #1 at 2. Therefore, Plaintiff sues Defendant for "lack of provided information" allegedly necessary for the supervision of his medications. [Entry #1 at 3]. He seeks injunctive relief, monetary damages, and an investigation of Defendant. *Id.* at 3–4.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is

---

[2] Plaintiff has two pending cases in this court alleging the denial of medication by officials and employees at MCI. *See English v. Andrews*, C/A No. 1:13-2793-JFA-SVH (D.S.C. Oct. 15, 2013); *English v. Wood*, C/A No. 1:13-2677-JFA-SVH (D.S.C. Oct. 1, 2013).

charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

1. Deliberate indifference to medical needs

Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994)

(providing greater explanation of the level of culpability required for deliberate indifference). "The Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999). "An inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege a constitutional violation. *Estelle*, 429 U.S. at 105. The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff asserts a claim under the Eighth Amendment for Defendant's alleged failure to manage prescriptions written for Plaintiff during a prior hospitalization and failure to respond to Plaintiff's requests for medical information. [Entry #1 at 2–3]. Plaintiff provides no facts to show that Defendant is currently responsible for Plaintiff's medical care and treatment or that Defendant is denying Plaintiff any prescribed medication. Therefore, Plaintiff's allegations fail to demonstrate that Defendant's alleged conduct rises to the level of deliberate indifference to a serious medical need. As such, Plaintiff's constitutional claims are subject to summary dismissal.

2. Negligence is not cognizable under § 1983

Plaintiff also alleges a claim of negligence and medical malpractice against Defendant. However, the law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir.

1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct). Thus, Plaintiff's medical malpractice claim is also subject to summary dismissal.

While Plaintiff's medical malpractice claim would be actionable in state court, the federal claims in this case are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 1, 2013    Shiva V. Hodges
Columbia, South Carolina    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).